KELLEY v CITY OF EAST LANSING

1. COUNTIES—GOVERNMENTAL IMMUNITY—TORTS—FALSE ARREST—
   FALSE IMPRISONMENT.

   Counties in Michigan are immune from suit under the govern-
   mental immunity from tort liability statute where a plaintiff
   brings suit charging a county with false arrest and false impris-
   onment, absent a statutory or judicial exception to the broad
   immunity legislatively declared by the statute (1970 PA 155;
   MCLA 691.1407).

2. APPEAL AND ERROR—SOVEREIGN IMMUNITY—EXCEPTION.

   The Court of Appeals cannot carve out a large exception to the
   principle of sovereign immunity absent clear authority from
   the Supreme Court.

Appeal from Jackson, Gordon W. Britten, J.
Submitted Division 2 October 4, 1973, at Lansing.
(Docket No. 16136.) Decided November 2, 1973.

Complaint by Rand C. Kelley against the City of
East Lansing and Jackson County for damages for
false arrest and false imprisonment. Motion for
summary judgment by defendant Jackson County
denied. Defendant Jackson County appeals on
leave granted. Reversed and remanded.

*Abood, Abood & Abood, P. C.* (by *William E.
Rheaume),* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 32 Am Jur 2d, False Imprisonment § 66 *et seq.*
    56 Am Jur 2d, Municipal Corporations, Counties, and Other Politi-
    cal Subdivisions § 208.
    57 Am Jur 2d, Municipal, School, and State Tort Liability § 112.
[2] 5 Am Jur 2d, Appeal and Error §§ 582, 587.
    20 Am Jur 2d, Courts § 152.

*Rosenburg, Painter, Stanton, Bullen & Nelson* (by *Philip M. Moilanen*), for defendant Jackson County.

Before: McGREGOR, P. J., and BRONSON and CARLAND,* JJ.

BRONSON, J. On March 28, 1973, we granted defendant County of Jackson's application for leave to appeal. The central question is:

*Whether the County of Jackson enjoys immunity from suit for false arrest and false imprisonment by virtue of the governmental immunity statute, MCLA 691.1407; MSA 3.996(107)?*

The controversy arose upon the complaint of plaintiff, Rand C. Kelley. Kelley brought suit in Jackson Circuit Court charging defendants, City of East Lansing and County of Jackson, with false arrest and false imprisonment. Plaintiff alleges that he was arrested in East Lansing, transported to Jackson County and incarcerated overnight illegally. The complainant avers that he was released the following morning and told that there had been a mistake. Apparently the arrest warrant was based on a traffic ticket actually paid but not reflected as paid in the Jackson County records.

The County of Jackson moved for summary judgment pursuant to GCR 1963, 117. The trial judge denied this motion on the assumption that MCLA 691.1407; MSA 3.996(107) was unconstitutional subsequent to our decision in *Maki v East Tawas,* 18 Mich App 109; 170 NW2d 530 (1969), *aff'd,* 385 Mich 151; 188 NW2d 593 (1971). However, the circuit court failed to consider that 1970 PA 155, effective August 1, 1970, cured the consti-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tutional infirmity found in *Maki, supra.* See: *Mc-Cann v Michigan,* 47 Mich App 326; 209 NW2d 456 (1973). The incident presently alleged occurred subsequent to the effective date of PA 155. Thus, absent a statutory or judicial exception to the broad immunity legislatively declared by MCLA 691.1407, *supra,* the County of Jackson is immune from suit.

Plaintiff raises two additional theories which he asserts are controlling. One of these falls within the scope of the statute and requires no further discussion. The remaining theory begins with a consideration of *Buckeye Insurance Co v Michigan,* 383 Mich 630, 640–644; 178 NW2d 476, 482–484 (1970). The *Buckeye* case recognizes an exception from the sovereign immunity statute for a nuisance which contravenes the constitutional prohibition against the taking of property without just compensation. The Supreme Court in *Buckeye* said:

> "The statement of the Attorney General [that sovereign immunity is a creature of the Legislature] is subject, however, to applicable and overriding provisions of the State Constitution. To that extent, the Legislature does not have an unlimited discretion in shaping the pattern of the state's immunity from liability." *(Buckeye, supra,* at 641; 178 NW2d at 482).

From this principle Kelley next argues that Const 1963, art 1, § 11, guarantees an individual freedom from illegal arrest and false imprisonment. Further, Kelley asserts that this constitutional right is no less important than the constitutional right involved in *Buckeye.* He concludes that he has a constitutional right without a correlative remedy. The counter argument is based on the premise that a writ of habeas corpus is the proper remedy for illegal detention and an action

for damages is only incidental and may be limited by the Legislature. This Court cannot carve out a large exception to the principle of sovereign immunity absent clear authority from the Supreme Court. The argument is properly directed to them.

Accordingly, the order denying defendant Jackson County's motion for summary judgment is vacated and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded. No costs, a public question being involved.

All concurred.